# EXHIBIT 1

# EXHIBIT 1

Person Filing: Edward Schoeler
Address (if not protected): 5040 E Shea Boulevard Suite 272
City, State, Zip Code: Scottsdale, AZ 85254
Telephone: (602)551-8999
Email Address: edward@fernandezwattslaw.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 027593, Issuing State: AZ

# SUPERIOR COURT OF ARIZONA
## IN YAVAPAI COUNTY

Case Number:  S1300CV202400442

Garrett Baxter
Name of Plaintiff

**SUMMONS**

AND

ResCare Residential Services LLC
Name of Defendant

**WARNING:** This is an official document from the court that affects your rights. Read this carefully.
If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** ResCare Residential Services LLC
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #6847166

3.    If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.    You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.    Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.    Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.


SIGNED AND SEALED this date:*May 3, 2024*

*DONNA McQUALITY*
Clerk of Superior Court

By:*EDENISON*
Deputy Clerk



# EXHIBIT 2

# EXHIBIT 2

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
05/03/2024  6:58PM
BY: EDENISON
DEPUTY

Case No.: S1300CV202400442
HON. JOHN NAPPER

Person/Attorney Filing: Edward Schoeler
Mailing Address: 5040 E Shea Boulevard Suite 272
City, State, Zip Code: Scottsdale, AZ 85254
Phone Number: (602)551-8999
E-Mail Address: edward@fernandezwattslaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 027593, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

Garrett Baxter
Plaintiff(s),
v.
ResCare Residential Services LLC
Defendant(s).

Case No.

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Yavapai County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Edward Schoeler /s/
    Plaintiff/Attorney for Plaintiff

# EXHIBIT 3

# EXHIBIT 3

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
05/03/2024 6:58PM
BY: EDENISON
DEPUTY

Case No.: S1300CV202400442
HON. JOHN NAPPER

1 | Shayna Fernandez Watts (027342)
Edward Schoeler (027593)
2 | FERNANDEZ WATTS LAW PLLC
5040 E. Shea Blvd. Ste. 272
3 | Scottsdale, Arizona 85254
Phone: (602) 760-5100
4 | Fax: (602) 760-5130
Shayna@FernandezWattsLaw.com
5 | Edward@FernandezWattsLaw.com
*Attorneys for Plaintiff*
6 |

7 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8 | **IN AND FOR THE COUNTY OF YAVAPAI**

9 | GARRETT BAXTER,                          No.

10 |                        Plaintiff,

11 | v.                                      **COMPLAINT**

12 | RESCARE RESIDENTIAL SERVICES,           **(Jury Trial Requested)**
LLC; JOHN AND JANE DOES 1-10;
13 | XYZ CORPORATIONS 1-10; and ABC          **Tier 2**
LIMITED LIABILITY COMPANIES 1-
14 | 10;

15 |
                       Defendants.
16 |

17 |      Plaintiff Garrett Baxter for his Complaint against Defendant ResCare Residential

18 | Services, LLC states as follows:

19 |      **THE PARTIES JURISDICTION, VENUE, AND DISCOVERY TIER**

20 |      1.      Plaintiff Garrett Baxter ("Plaintiff") is a resident of Yavapai County,

21 | Arizona.

22 |      2.      Defendant, ResCare Residential Services, LLC ("Rescare" or "Defendant"),

23 | is a foreign for-profit corporation doing business in Yavapai County, Arizona.

24 |      3.      The acts and events on which Plaintiff's claims against Defendant are based

25 | occurred in Yavapai County, Arizona.

26 |      4.      This Court has jurisdiction under A.R.S. § 12-123.

*(Left margin, vertical text)* FERNANDEZ WATTS LAW, PLLC
5040 E. Shea Boulevard, Ste. 272
Scottsdale, Arizona 85254

1

FERNANDEZ WATTS LAW, PLLC
5040 E. Shea Boulevard, Ste. 272
Scottsdale, Arizona 85254

5. Venue is proper under A.R.S. § 12-401.

6. Plaintiff avers this is a tier 2 case.

## **FACTUAL ALLEGATIONS**

7. Plaintiff began working full time as a Direct Care Professional for ResCare on September 11, 2023.

8. Plaintiff's job involved providing emotional and physical support, monitoring, and training for the development of life skills in assisted living facilities to persons with developmental disabilities.

9. Plaintiff was promised a $5,000.00 signing bonus and was paid $15.00 per hour.

10. Plaintiff received very minimal training for his position, including a one-day course mandated by the Arizona Department of Economic Security for the prevention of harm and support of persons with developmental disabilities, as required by Title 6, Chapter 6, Article 9 of the Arizona Administrative Code.

11. On or about October 9, 2023, less than one month after Plaintiff was hired, he was assigned to work alone at ResCare's Queen's House location which is a Nursing-Supported Group Home according to the Arizona Department of Economic Security.

12. Because Plaintiff was a recent hire with minimal training, ResCare was required by law to assign another experienced and trained Direct Care Professional to be present for each of Plaintiff's shift.

13. Plaintiff reported to his supervisor he had been scheduled to work alone at the facility and that he had not received the required training to do so.

14. Instead of providing Plaintiff with the support he requested to perform his duties safely and legally, Defendant assigned him to work alone at Queen's House again, the very next day on October 10, 2023.

15. During this shift, a patient became physically violent causing Plaintiff to

2

FERNANDEZ WATTS LAW, PLLC
5040 E. Shea Boulevard, Ste. 272
Scottsdale, Arizona 85254

1  sustain multiple injuries.

2      16.    These injuries resulted from the patient punching, clawing, biting, and
3  throwing objects.

4      17.    During the patient's outburst, Plaintiff called his supervisor asking for
5  assistance and backup and directions on how to handle the incident which he followed.

6      18.    Another employee, "A.J." eventually arrived, as did a supervisor, "Don."

7      19.    Once A.J. and Don were assisting with the patient, Plaintiff was permitted
8  to wash his wounds and seek medical care.

9      20.    Plaintiff went to Urgent Care where he completed worker's compensation
10  paperwork and was treated for his injuries and bite wound.

11      21.    The next day, Plaintiff completed an incident report as required by law and
12  some additional worker's compensation paperwork, which he turned in, to Scruggs.

13      22.    Plaintiff reported he should not have been alone during his shift and that he
14  was placed in an unsafe position by Defendant which endangered him and patients.

15      23.    Plaintiff reported that there were insufficient resources to safely care for the
16  patients at Queen's House.

17      24.    After completing his written incident report, Plaintiff also called
18  Defendant's company hotline to report the incident and his concerns about the staffing
19  and safety at Queen's House.

20      25.    The next day, Plaintiff was called by Kevin Simpson ("Simpson"), the
21  Executive Manager for Defendant, to discuss the incident. Plaintiff relayed his concerns
22  and answered all Simpson's questions about the incident.

23      26.    On or about October 12, 2023, Plaintiff called Shelley Scruggs to learn his
24  work assignment for the day and was told he was being placed on administrative leave.
25  Scruggs did not mention that the leave was to be unpaid.

26      27.    On or about October 16, 2023, Plaintiff contacted Human Resources to

3

FERNANDEZ WATTS LAW, PLLC
5040 E. Shea Boulevard, Ste. 272
Scottsdale, Arizona 85254

1  discuss his unpaid leave and spoke to his worker's compensation claim adjuster to
2  discuss his claim and provide details of the incident.

3       28.    On or about October 31, 2023, Plaintiff called Human Resources three
4  times and asked to speak to his Human Resources representative Jennifer Radtke
5  ("Radtke") to determine the status of his employment.

6       29.    Plaintiff was never connected to Radtke but was advised an investigation
7  was ongoing.

8       30.    Plaintiff left several voicemails with Human Resources asking for status
9  updates.

10       31.    On or about November 17, 2023, Plaintiff received a call from Radtke who
11  advised his employment was being terminated, shifting the responsibility and blame to
12  Plaintiff and in retaliation for Plaintiff's complaints and use of worker's compensation.

13       32.    Defendant has not paid Plaintiff for his administrative leave, nor has it paid
14  the remainder of Plaintiff's signing bonus he received when hired by the company.

15  **COUNT I**

16  **Wrongful Termination of Whistleblower**

17       33.    Plaintiff realleges and incorporates by reference the allegations contained in
18  the forgoing paragraphs.

19       34.    Plaintiff is entitled to whistleblower protection under A.R.S. § 23-
20  1501(A)(3)(c)(ii) because he reported multiple violations of Arizona law to Defendant.

21       35.    Plaintiff's reported violations by Defendant include, but are not limited to
22  violation of Arizona Administrative Code Title 6, Chapter 6, R-6-803(C) and R6-6-
23  808(E), (F), (G), (H),  and (J); Arizona Administrative Code Title 9, Chapter 9, R9-10-
24  2208(A)(1)(c), R9-10-2203(C)(2), R9-10-2206(B), and R9-10-2210(C)(1).

25       36.    Defendant had the ability to investigate the information provided and to
26  take action to prevent further violations of Arizona law.

4

FERNANDEZ WATTS LAW, PLLC
5040 E. Shea Boulevard, Ste. 272
Scottsdale, Arizona 85254

37.     Defendant instead, terminated Plaintiff in retaliation for reporting these violations of Arizona law.

38.     Plaintiff was injured by the Defendant's acts of retaliation for whistleblowing, when Defendant terminated Plaintiff's employment.

39.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered past and future wage loss, loss of benefits, emotional distress, anxiety, and other employment benefits and job opportunities in an amount to be proven at trial.

40.     Plaintiff is also entitled to compensatory damages, interest, attorneys' fees and costs.

## COUNT II

### Breach of Implied Duty of Good Faith and Fair Dealing

41.     Plaintiff realleges and incorporates by reference the allegations contained in the forgoing paragraphs.

42.     Defendant had a duty to deal with Plaintiff in good faith with respect to his training, his supervision, the safety, and support needs to conduct his duties, his Workman's Compensation claim and in its investigation of the workplace incident at Queen's House.

43.     Defendant breached the implied covenant of good faith and fair dealing in the at-will employment contract it had with Plaintiff by not following or enforcing the law, by failing to objectively and properly investigate the workplace incident at Queen's House, and by retaliating against him for taking appropriate emergency measures and for reporting safety concerns.

44.     Defendants dealt with Plaintiff unfairly and in bad faith and breached their duty to act in good faith with respect to Plaintiff.

45.     As a result of Defendants' breach of their duty to act in good faith towards Plaintiff, Plaintiff suffered damages.

5

FERNANDEZ WATTS LAW, PLLC
5040 E. Shea Boulevard, Ste. 272
Scottsdale, Arizona 85254

1    46.    Pursuant to A.R.S. §§ 12-341 and 12-341.01, because this matter arises out

2 of a contract, Plaintiff is also entitled to recover from Defendants his attorneys' fees and

3 costs incurred in bringing this action.

4                                      **COUNT III**

5                   **Violation of the Arizona Employment Protection Act**

6    47.    Plaintiff realleges and incorporates by reference the allegations contained

7 in the forgoing paragraphs.

8    48.    Plaintiff engaged in a protected activity when he was injured on the job and

9 sought workers' compensation benefits.

10    49.    Plaintiff suffered an adverse employment action when Defendants

11 terminated him.

12    50.    There is a causal link between Plaintiff's protected activity and the adverse

13 employment action.

14    51.    Defendant does not have legitimate, non-retaliatory reasons for its actions –

15 its actions were a violation of Arizona law.

16    52.    Any reasons that Defendant may proffer are merely pretext for the

17 underlying retaliatory motive.

18    53.    As a result of Defendant's unlawful actions, Plaintiff has been damaged in

19 an amount to be proven at trial.

20                                      **COUNT IV**

21          **Violations of the Fair Wages and Healthy Families Act: Failure to Pay Wages**

22    54.    Plaintiff realleges and incorporates by reference the allegations contained in

23 the forgoing paragraphs.

24    55.    Defendant promised Plaintiff a $5,000.00 signing bonus when he began his

25 employment with Defendant.

26    56.    Defendant failed to pay Plaintiff the entire bonus he earned by beginning

1   his employment with Defendant.

2   57.   Under A.R.S. §23-353(A), an employer must pay an employee discharged
3   from its service wages due to him within seven days of discharge.

4   58.   Defendant failed to pay wages due and owing to Plaintiff.

5   59.   Defendants' failure to pay monies owed was intentional and done in bad
6   faith.

7   60.   Under A.R.S. §23-355(A), Plaintiff is entitled to an amount equal to treble
8   the unpaid wages.

9   **COUNT V**

10   **Negligence; Negligence Per Se; Gross Negligence; Negligent Supervision**

11   61.   Plaintiff realleges and incorporates by reference the allegations contained in
12   the forgoing paragraphs.

13   62.   Defendants had a duty to provide a safe, suitable and amicable workplace
14   for their employees, including Plaintiff.

15   63.   Defendant had a duty to provide Plaintiff with adequate training,
16   supervision and support in order for him to effectively, safely and lawfully carry out his
17   assigned duties and respond to emergencies.

18   64.   Defendant had a duty to properly staff its facilities with trained personnel
19   and to ensure an effective staff to client ratio.

20   65.   Defendant had a duty to properly brief Plaintiff to the specific needs and
21   treatment plans of the clients living at Queen's House, including their individualized
22   health and safety needs.

23   66.   Defendant had a duty to ensure that Plaintiff's skills and knowledge were
24   verified and documented and that he was demonstrably capable of handling an
25   emergency using physical intervention techniques *before* assigning him solo shifts at
26   Queen's House.

FERNANDEZ WATTS LAW, PLLC
5040 E. Shea Boulevard, Ste. 272
Scottsdale, Arizona 85254

FERNANDEZ WATTS LAW, PLLC
5040 E. Shea Boulevard, Ste. 272
Scottsdale, Arizona 85254

67. Plaintiff warned Defendant that he had not received adequate training or experience to carry out his work assignments and duties safely and lawfully and that he required additional staffing and support while at Queen's House.

68. Defendant breached its duties to Plaintiff.

69. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injury and damages and is entitled to all direct, consequential, and compensatory damages arising from Defendants' actions.

70. Defendants acted intentionally, recklessly, and with an evil mind towards Plaintiff as set forth in this complaint that an award of punitive damages in at least the amount of Plaintiffs' actual damages is appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues and claims so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Judgment in Plaintiffs' favor on all counts;

B. Compensatory damages in an amount to be determined at trial;

C. Punitive damages in an amount to be determined at trial;

D. Award pre and post judgment interest at the highest rate allowed by law;

E. Award all recoverable damages, in an amount to be proven at trial;

F. Award punitive and/or exemplary damages on all claims under which such damages are legally available in an amount to be determined at trial;

G. For reasonable attorneys' fees and costs pursuant to, A.R.S.§§ 12-341, 12-341.01, the Service Agreement, and/or other applicable law; and

H. For such other monetary, equitable and declaratory relief as the Court deems just and proper.

8

1   RESPECTFULLY SUBMITTED this 3rd day of May, 2024.

2

3                                      FERNANDEZ WATTS LAW PLLC

4
                                       /s/ Edward Schoeler
5                                      5040 E. Shea Blvd. Ste. 272
                                       Scottsdale, Arizona 85254
6                                      Attorneys for Plaintiff

7
    ORIGINAL e-filed with the Clerk of the Court
8   this 3rd day of May, 2024,
    through the Turbo Court system.
9
    /s/Tiffany Fernandez
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FERNANDEZ WATTS LAW, PLLC
5040 E. Shea Boulevard, Ste. 272
Scottsdale, Arizona 85254

# EXHIBIT 4

# EXHIBIT 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES**
**SHERMAN & HOWARD L.L.C.**
2555 EAST CAMELBACK ROAD, SUITE 1050
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 240-3000
FAX: (602) 240-6600
(AZ BAR FIRM NO. 00441000)
John Alan Doran (AZ Bar No. 012112)
(JDoran@ShermanHoward.com)
Emily Girkins (AZ Bar No. 038637)
(EGirkins@ShermanHoward.com)
*Attorneys for Defendant*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Garrett Baxter, an individual., | Case No. S1300CV202400442 |
| Plaintiff, | |
| v. | **NOTICE OF FILING NOTICE OF REMOVAL** |
| ResCare Residential Services LLC, | |
| Defendant. | (Assigned to Hon. John Napper) |

Please take notice that on this 10th day of June, 2024, Defendant ResCare Residential Services LLC ("ResCare"), by its undersigned counsel, filed its Notice of Removal in the United States District Court for the District of Arizona, for the above-styled cause from the Superior Court, in and for Yavapai County, Arizona. A true copy of the Notice of Removal (exclusive of exhibits) is attached hereto as **Exhibit A**.

ResCare hereby files a copy of the Notice of Removal with the Clerk of the District Court, in accordance with 28 U.S.C. § 1446(d). Pursuant to § 1446(d), the Yavapai County Superior Court may not proceed further with this matter.

RESPECTFULLY SUBMITTED this 10th day of June, 2024.

**SHERMAN & HOWARD L.L.C.**

By:    /s/*John Alan Doran*
John Alan Doran
Emily Girkins
2555 E. Camelback Road, Suite 1050
Phoenix, Arizona 85016
*Attorneys for Defendant*

58817824.1

## **CERTIFICATE OF SERVICE**

ORIGINAL electronically filed
this 10th day of June, 2024:

COPY of the foregoing emailed and mailed
this 10th day of June, 2024 to:

Shayna Fernandez Watts
Edward Schoeler
Fernandez Watts Law PLLC
5040 E. Shea Blvd., Suite 272
Scottsdale, AZ 85254
shayna@fernandezwattslaw.com
edward@fernandezwattslaw.com
*Attorneys for Plaintiff*

/s/*Lori Hinkel*

# EXHIBIT A

# EXHIBIT A

**LAW OFFICES**
**SHERMAN & HOWARD L.L.C.**
2555 EAST CAMELBACK ROAD, SUITE 1050
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 240-3000
FAX: (602) 240-6600
(AZ BAR FIRM NO. 00441000)
John Alan Doran (AZ Bar No. 012112)
(JDoran@ShermanHoward.com)
Emily Girkins (AZ Bar No. 038637)
(EGirkins@ShermanHoward.com)
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Garrett Baxter, an individual., | Case No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)** |
| ResCare Residential Services LLC, | (Yavapai County Superior Court Case No. S1300CV202400442) |
| Defendant. | |

Defendant ResCare Residential Services LLC ("ResCare") by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1441(a) and (b) based on diversity jurisdiction under 28 U.S.C. § 1332, hereby gives notice of removal of this action from the Superior Court for the State of Arizona, in and for the County of Yavapai, to the United States District Court for the District of Arizona. The grounds for this removal are as follows:

1.      On May 3, 2024, Plaintiff Garrett Baxter filed this action in Yavapai County Superior Court under Case No. S1300CV202400442, captioned as *Baxter v. ResCare Residential Services, LLC*, (the "State Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a) and LRCiv. 3.6(a) and (b), undersigned counsel hereby verifies that **Exhibits 1 through 5** attached hereto are true and complete copies of all documents and pleadings filed in the State Court Action and a copy of the docket in the State Court Action as of this date:

I.      Exhibit 1: Summons

II.      Exhibit 2: Certificate of Compulsory Arbitration

58817932.2

III.    Exhibit 3: Complaint

IV.    Exhibit 4: Notice of Filing of Notice of Removal

V.    Exhibit 5: State Court Docket

3.     Plaintiff served Defendant with the Summons and the Complaint in the State Court Action on May 15, 2024. *See* Pl.'s Compl, **Exhibit 3**. This Notice of Removal is filed within the time limits set forth in 28 U.S.C. § 1446(b).

## I.     <u>Diversity Jurisdiction.</u>

4.     This Court has subject matter jurisdiction over the Complaint because of diversity of citizenship pursuant to 12 U.S.C. § 1332.

5.     Diversity jurisdiction exists in this matter, in that:

(a) Plaintiff, Garrett Baxter, is a citizen of Arizona;

(b) Defendant ResCare is a limited liability company formed in the state of Kentucky which maintains its principal place of business in Louisville, Kentucky.

6.     Additionally, the amount in controversy herein exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). That is because Plaintiff seeks, *inter alia*, back pay and front pay, the value of lost benefits and bonus payments, medical expenses, and punitive damages, *see* Pl.'s Compl., **Exhibit 3 ¶¶** A-H, if Plaintiff were to prevail at trial. Plaintiff has previously represented to Defendant that the value of his claim to punitive damages alone is potentially $300,000.00.

7.     Because Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 and the State Court Action is removeable to this Court pursuant to 28 U.S.C §§ 1441 and 1446(b).

8.     By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity, or otherwise.

58817932.2

9.      Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1441(a) because the Yavapai County Superior Court is located within the District of Arizona.

10.     Counsel for Defendant hereby certifies pursuant to 28 U.S.C. § 1446(a) that this Notice of Removal filed on behalf of Defendant is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

11.     Counsel for Defendant further certifies pursuant to LRCiv. 3.6(a) that a Notice of Filing of Notice of Removal, a true and correct copy of which is attached as **Exhibit 4**, has been filed with the Clerk of the Yavapai County Superior Court on behalf of Defendant.

12.     Based on the foregoing, the State Court Action is properly removed to this Court.

RESPECTFULLY SUBMITTED this 10th day of June, 2024.

**SHERMAN & HOWARD L.L.C.**

By:     /s/ *John Alan Doran*
        John Alan Doran
        Emily Girkins
        2555 E. Camelback Road, Suite 1050
        Phoenix, Arizona 85016
        *Attorneys for Defendant*

58817932.2

3

**<u>CERTIFICATE OF SERVICE</u>**

ORIGINAL electronically filed
this 10th day of June, 2024:

COPY of the foregoing emailed and mailed
this 10th day of June, 2024 to:

Shayna Fernandez Watts
Edward Schoeler
Fernandez Watts Law PLLC
5040 E. Shea Blvd., Suite 272
Scottsdale, AZ 85254
shayna@fernandezwattslaw.com
edward@fernandezwattslaw.com
*Attorneys for Plaintiff*

/s/*Lori Hinkel*

# EXHIBIT 5

# EXHIBIT 5

## Public Access to Court Information - Case Search

**Case Information**

| Case Number: | S-1300-CV-202400442 | | |
|---|---|---|---|
| Title: | GARRETT BAXTER vs RESCARE RESIDENTIAL SERVICES LLC | Category: | CIVIL |
| Court: | Yavapai County Superior | Filing Date: | 5/3/2024 |
| Judge: | | Disposition Date: | |

| GARRETT BAXTER    PLAINTIFF  -  P1 |
|---|

**Case Activity**

| Date | Description | Party |
|---|---|---|
| 5/17/2024 | SERVICE: AFFIDAVIT | D1 |
| 5/6/2024 | Case Initiated - EFILING | D1 |
| 5/6/2024 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P1 |
| 5/6/2024 | Case Initiated - EFILING | P1 |
| 5/6/2024 | COMPLAINT: Complaint | P1 |
| 5/6/2024 | INDICATOR: DISCOVERY TIER 2 | P1 |
| 5/6/2024 | Receipt# E000821112 generated for the amount of $ 218.00 | P1 |
| 5/6/2024 | Receivable Created For $218.00 | P1 |
| 5/6/2024 | SUMMONS: SUMMONS | P1 |

## Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**
**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**
**The following case types are excluded from search results:** sealed cases, cases involving Orders of Protection, mental health and probate cases, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
ï¿½ The information may not be a current, accurate, or complete record of the case.
ï¿½ The information is subject to change at any time.
ï¿½ The information is not the official record of the court.
ï¿½ Not all cases from a participating court may be included.
ï¿½ The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss, consequence, or damage resulting directly or indirectly from the use of any of the information available through this website and that the Arizona judiciary does not provide any warranty, express or implied, that the information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual subscription fee. If interested, please Contact Us.

**Case info is updated on this website weekly. Information is updated each Friday to reflect case information through the Wednesday of the same week.**